*In re* PETER C. McLAUGHLIN.

*Habeas Corpus. Void Mittimus. Illegal Sale of Intoxicating Liquor.* R. L. s. 4371. "*Intoxicants.*"

1. When a person is fined at the same time for more than one offense upon different prosecutions,—as for the illegal sale of intoxicating liquor, and for keeping it, etc.,—and is committed on a mittimus covering the sentences in all the cases, he will be discharged on *habeas corpus*, unless the mittimus recites each sentence so fully and clearly as to show what it was,—the fine, costs, etc., of each. It is not sufficient to set out the amount of all.

2. So will a person be discharged on *habeas corpus* when committed on a mittimus, which recites that the prisoner was "duly convicted of the crime of selling *intoxicants*."

HABEAS CORPUS. This case was brought before Judge VEAZEY on January 2, 1886, and continued by him to the regular term of the Supreme Court. The case appears in the opinion of the court.

*P. R. Kendall*, State's attorney, for the State.

The first mittimus sets forth that the convictions were contemporaneous. The offenses are well described, and the sentence in each case, except that the costs of the two convictions are added together. But both convictions being legal, no prejudice comes to the respondent from this; and it would seem a sufficient compliance with the statute. R. L. s. 4371.

The same is true of the second mittimus.

*Habeas corpus* will not lie when the process is merely voidable; the process must be void to entitle the petitioner to relief. Rob. Dig. 357; *In re Greenough*, 31 Vt. 285.

A harmless misdescription of the conviction in a justice's mittimus does not entitle the relator to a discharge. *In re Phinney,* 32 Me. 440; Hurd Hab. Cor. 338.

*Lawrence & Meldon,* for the relator, argued substantially as the court hold.

The opinion of the court was delivered by

VEAZEY, J.   The statute provides that "where a person * * * is fined by a court at the same time for more than one offense upon different prosecutions, said court shall issue a single mittimus reciting the sentence in each case," etc.

The relator was thus fined and committed, and claims that his imprisonment is illegal; because, first, two of the mittimuses under which he was committed, do not *recite the sentence in each case.*

There were three mittimuses.   One recites that the relator "was duly convicted of the crimes of one offense of retailing intoxicating liquor without authority, and one offense of keeping intoxicating liquor with intent to sell without authority, and was by said court sentenced to pay fines of the amount of twenty dollars to the treasurer of the State of Vermont, and to pay the costs of prosecutions, taxed at $13.02, and the costs of commitment," etc.

As the statute fixes the fine at $10 for each of these offenses, this mittimus is sufficiently definite in its recital of the sentences as far as it pertained to the fines.   But a part of the sentence was to pay the costs of prosecutions, and the mittimus does not recite the costs in each case, but only gives the aggregate of both cases.   Therefore, there is not sufficient recital of the sentence in each case to enable the authorities of the house of correction to determine what it was in amount.   Under other provisions of the statutes, a prisoner committed on sentences to pay fines may be discharged on paying the balance not worked out.   If one prosecution was valid, and the other void, and the prisoner should want to pay the fine and costs in the valid prosecu-

tion with a view to seeking relief by *habeas corpus*, or otherwise, as to the void prosecution, the mittimus furnishes no data for the jailer to determine what to receive. Other illustrations might be made to show the importance of having the mittimus recite the sentence in each case as the statute requires. It is only by virtue of this statute, which is recent, that one mittimus could be made to cover several sentences. Without it a separate mittimus would be required for each sentence, which would show what the sentence was. We think the intention was that the same should be shown where several sentences are embraced in one mittimus. Convenience and economy were probably the sole object of the enactment. It was plainly not the intention to put a prisoner in any worse plight.

It is not material to decide whether the relator could be held under this mittimus, notwithstanding the defect alluded to, until he had worked out the period called for by the fines alone, and would be entitled to be discharged thereafter and before the costs were worked out; because it is conceded that his imprisonment has been from the date of the mittimus, which was November 4, 1885, and covers a period sufficient to satisfy the mittimus. The material question therefore is whether the second and third mittimuses are either of them sufficient to warrant the relator's imprisonment.

The second mittimus under which the relator was committed recites that he was "duly convicted of the crimes of retailing intoxicating liquor without authority, and of keeping intoxicating liquor with intent to sell it without authority, and was by said court sentenced to pay fines of the amount of thirty dollars, * * * and to pay the costs of prosecutions taxed at $13.02," etc.

Here were two prosecutions, and fines of $30. The statute provides a fine of $10 for each offense of retailing and keeping with intent, etc. The mittimus fails to show in which prosecution the sentence was for two offenses, and

*In re* McLaughlin.

in which for one. There is also the same defect as to recital of costs as in the first mittimus. There is therefore a failure to fulfil the statutory requirement in a material respect in this mittimus in the recitals of the sentences both as to fines and costs.

The question is not whether the relator was legally prosecuted and sentenced, but whether he has been committed on a warrant of commitment such as the statute requires in case of two or more prosecutions and fines at the same time. If we had no statute specifying what the mittimus in such case shall contain, the claim of the state's attorney that *habeas corpus* is not a proper remedy for the relator might have some force.

The third mittimus recites that the prisoner was "duly convicted of the crime of selling intoxicants," etc. The state's attorney does not seriously claim this is of much value as a warrant for the relator's imprisonment. The term "intoxicants," not yet being introduced into the prohibitory statutes, it would seem like exercising a little "arbitrary freedom" to substitute it in a criminal proceeding for "intoxicating liquor."

If this case should operate to make magistrates all over the State more careful in framing warrants of commitment to the house of correction, it will serve a very useful purpose. It is not always an easy matter to draw a mittimus according to the statute. My attention has been called to the frequency of defects in them, both by the numerous cases that have come before me on *habeas corpus*, and by inspection of other mittimuses brought to my attention by the superintendent of the house of correction. The overcrowded condition of this institution will be a matter of easy relief, in the hands of a bright lawyer, unless the carelessness or ignorance in the matter of framing mittimuses is in some way cured.

No legal ground appearing for the further imprisonment of the relator, it is ordered that he be discharged.